### 3.      Health Diagnostic Labs Made False Statements to Market its Worthless Tests

102.      Health Diagnostic Labs convinces providers to order these medically unnecessary tests through, *inter alia*, an online sales pitch that encourages use of its full cardiac testing panel to purportedly obtain all knowledge of future cardiac risks and potential cardiac complications. Its sales pitch includes the following persuasive misstatements:

- "Health Diagnostic Laboratory, Inc. (HDL, Inc.) offers the most comprehensive test menu of biomarkers for cardiovascular, diabetes, and related diseases providing a basis for early detection, effective treatment, and disease reversal."

- "Patients who look healthy may have hidden risks. Over 50% of patients who suffer a heart attack or stroke have "normal" LDL cholesterol levels. Get the facts on the costs of chronic disease and effectiveness of HDL, Inc. testing."

- "Why is it that 50% of patients admitted to the ER for CV events tested normal for the "traditional" lipids panel? Because traditional lipids are only one piece of the diagnostic puzzle. Health Diagnostic Laboratory, Inc. offers a comprehensive panel of advanced tests that equips you with all of the pieces, ensuring more effective treatment of the whole patient."

- "Traditional Lipid Profile: This basic group of tests to determine risk for cardiovascular and related diseases is a good start but should always be combined with advanced testing to unveil a more accurate picture of total health."

- "Lipoprotein particle size/number and Apolipoprotein concentrations reveal levels of good and bad cholesterol particles, which provide a far better predictor of risk than traditional lipid profiles alone."

- "Genetic markers predict risk for heart attacks and strokes, plus sensitivity to commonly prescribed medications."

- "Advanced tests detect strain or other damage to the heart muscle, which can lead to more appropriate treatment for preventing heart attacks."

- "Health Diagnostic Laboratory offers a comprehensive panel of advanced tests that include other factors that a doctor can use to determine the best treatment plan. For example, we assess Vitamin D, Vitamin B12, Cystatin C, Homocysteine, and more."

http://www.hdlabinc.com/advanced-testing

103.    As shown above, medical experts and current scientific knowledge directly contradict these statements, rendering them patently false and misleading. The exact opposite of these statements is true.  For example, where Health Diagnostic Labs states "Genetic markers predict risk for heart attacks and strokes," this statement becomes true only when the words "do not" are inserted before "predict risk."  The Guideline specifically states "Genotype testing for CHD [Cardiac Heart Disease] risk assessment in asymptomatic adults is **not** recommended." (bold emphasis added)

104.    Not only are these tests not medically necessary and not indicated by the diagnoses, but the test results, even if they are positive and could possible indicate a genetic predisposition to heart disease or high cholesterol (which they cannot), in no way change or affect the therapy recommended, which includes proper diet, exercise, healthy body weight and no smoking.

### 4.    UHC Payments to Health Diagnostics for Worthless Tests

105.    UHC paid Health Diagnostics $1.6 million in 2013 for unnecessary genetic tests purportedly related to predicting cardiac risk.[8]  This accounted for 28% of total amount of $5.7 million that UHC paid Health Diagnostics during that time period.   UHC paid Health Diagnostics $5.4 million for tests performed on Medicare patients from July 1, 2013 to July 1, 2014. Assuming 28% of that amount was for unnecessary genetic tests, then UHC paid Health Diagnostics $1.5 million during that time period for unnecessary genetic tests purportedly related to predicting cardiac risk on behalf of Medicare patients.  For tests performed for Medicaid patients, UHC paid Health Diagnostics $426,000 from July 1, 2013 to July 1, 2014. Assuming 28% of that amount was for unnecessary genetic tests, then UHC paid Health Diagnostics

---

[8] This includes Genetic Test codes 81225, 81240, 81241, 81291, 81400 and 81401.

$119,280 during that time period for unnecessary genetic tests purportedly related to predicting cardiac risk on behalf of Medicaid patients.  Thus, UHC paid Health Diagnostics a total annual amount of approximately $1.625 million for unnecessary genetic tests performed on government-insured patients.

106.    UHC identified Health Diagnostics as an extreme outlier for cardiac-related testing fairly recently – within the last year.  Currently UHC is formulating a comprehensive medical policy regarding medically unnecessary cardiac-related testing..

E.    **The Boston Heart Tests**

107.    When the patient receives a diagnosis of routine medical exam, hypertension, hyperlipidemia, or fatigue and malaise, Boston Heart conducts and bills for many of the same 28 genetic and non-genetic tests for which Health Diagnostics bills.  The vast majority of these tests are not medically necessary to assess or provide any additional information regarding high blood pressure or high cholesterol, and in no way can they pinpoint the cause of or direct a treatment for fatigue and malaise.  Most importantly, in a patient with hypertension, hyperlipidemia, or fatigue and malaise, these tests cannot assess or provide any clinical information regarding risks of future heart disease posed by these conditions, despite Boston Heart's claims to the contrary in its marketing materials.  As such, these tests, which Boston Heart attempts to justify by one or more of the four common cardiovascular diagnoses codes, cannot be considered medically necessary.  Therefore, submitting a bill to government payors for such tests violates the Federal and State False Claims Acts.

1. **Boston Heart Is An Extreme Outlier in its Billing of Tests Purportedly Able to Predict Cardiac Risk**

108.    UHC identified a combination of seven tests that are frequently performed and billed by Boston Heart and specifically compared Boston Heart's billing of that combination to other laboratories.  This combination of seven tests included:

- 81225 - CYP2C19 (cytochrome P450)
- 81401 - Molecular pathology procedure, Level 2
- 81241 - F5 gene analysis, Leiden variant
- 81240 - F2 gene analysis
- 83880 - Brain Natriuretic Peptide (BNP) Level: for Congestive Heart Failure patients
- 86141 - C-Reactive Protein
- 83090 - homocysteine testing (measurements of plasma homocysteine)

109.    Compared to other laboratories, Boston Heart was an extreme outlier in the frequency of billing this combination of seven tests.  Boston Heart billed this combination to UHC more than any other laboratory - a total of 2,384 times, and being reimbursed over $4 million in 2013. LabCorp, the much larger laboratory that services a significantly greater percentage of UHC customers, billed this combination of seven tests a total of 46 times.

110.    While individually one or some of these tests could be indicated based on a certain diagnosis, the chance that someone has all of the diagnoses needed to justify all the tests on the panel is extremely unlikely.  Further, because there is no medical basis to group these tests together, some or many of them are almost always medically unnecessary any time they are performed collectively.

2. **Boston Heart Claims Show the Fraudulent Billing**

111.    Examples of specific claims show that Boston Heart was billing for medically unnecessary tests to screen for cardiac-related issues and predict future cardiac risk.  In claim # 1334422155981 dated December 10, 2013, the patient was given ICD-9 code 272.2 - Mixed

40

hyperlipidemia (high cholesterol), 401.9 - Essential hypertension, unspecified (high blood pressure), and 250.00 – Type II Diabetes. Based on those diagnoses, Boston Heart performed, *inter alia*, the following unnecessary tests that do not predict cardiac risk and do not provide any relevant medical information concerning high cholesterol, high blood pressure or diabetes:

- 81225 – CYP2C19 (cytochrome P450)
- 81400 – App E Genotype
- 81401 – Molecular pathology procedure, Level 2
- 81240 – F2 gene analysis
- 81241 – F5 gene analysis, Leiden variant
- 82172 – Apolipoprotein
- 82947 – Thyroid Test
- 83525 – Thyroid Test
- 83695 – Lipoprotein (a)
- 83698 – Lipoprotein-associated phospholipase A2 (Lp-PLA2)
- 83880 – Brain Natriuretic Peptide (BNP) Level: for Congestive Heart Failure patients
- 85384 – Fibrinogen; activity
- 82040 – Albumin
- 82550 – Creatine Kinase
- 82565– BUN/Creatinine
- 84075 – Alkaline Phosphatase
- 84450 – AST
- 84460 – ALT
- 84520 – BUN
- 84550 – Uric Acid
- 83090 – homocysteine testing (measurements of plasma homocysteine)
- 83704 – LDL-P and DL-P
- 84443 – Thyroid Test
- 86141 - C-Reactive Protein

### 3. Boston Heart Made False Statements to Market its Scientifically-Unproven and Worthless Tests

112.    Boston Heart encourages providers to order these medically unnecessary tests through, inter alia, written marketing materials that claim these tests are "innovative methodologies for cardiovascular risk assessment"[9] and necessary to obtain all knowledge of

---

[9] http://www.bostonheartdiagnostics.com/science_portfolio.php

future cardiac risks and potential cardiac complications.  Those materials specifically encourage the following medically unnecessary tests:

- Tests for HDL particles (CPT Codes 83704, 82664), including:

    o Apha-1: very large HDL particles
    o Alpha-2: large HDL particles
    o Alpha-3: medium HDL particles
    o Alpha-4: small HDL particles
    o Prebeta-1: very small HDL particles

As set forth in paragraph 83 above, these lipoprotein tests are not medically necessary and there is no data to support the finding that the results of these tests in any way inform how the provider would manage the patient's care.

- C-reactive protein (hs-CRP) (CPT Code 86141)

CRP (C-reactive protein) appears in higher amounts when there is swelling (inflammation) somewhere in the body.  Although a C-reactive protein test can also be used to evaluate the risk of developing coronary artery disease, according to the American Heart Association, having a C-reactive protein test isn't recommended for the general population to predict risk of heart disease.[10]  *See* paragraph _86_ above.

- Tests for risk of developing diabetes (which could increase the risk of heart disease), including (with CPT Codes):

    o HbA1c – average blood sugar over 3 months                        81506
    o Insulin Resistance – body's ability to process sugar             83525
    o Glucose – actual amount of sugar in the blood                    82947
    o GSP – average blood sugar over 6 weeks                           82985
    o Adinopectin – protective hormone produced by fat cells           83516
    o Insulin – hormone that controls blood sugar                      83525

Glucose and HbA1c can be used to screen for diabetes.  The other tests are not appropriate to screen for diabetes and do not predict the future risk of developing diabetes.  They are only

---

[10] http://www.mayoclinic.org/tests-procedures/c-reactive-protein/basics/definition/prc-20014480

appropriate to monitor patients who already have diabetes or other metabolic disorders. *See* paragraph _84_ above.

- Liver, Kidney, Muscle, Thyroid and Other Tests, including (with CPT Codes):

    o  AST                    84450
    o  ALT                    84460
    o  Alkaline Phosphatase   84075
    o  Creatine Kinase        82550
    o  BUN/Creatinine         82565
    o  NT-proBNP              83880
    o  Uric Acid              84550
    o  Homocysteine           83090
    o  eGFR                   82565
    o  BUN                    84520
    o  TSH                    84443
    o  Albumin                82040
    o  Vitamin D.25-OH        82652

These tests together cannot and do not predict one's future risk of developing cardiac disease, and they are not recommended by any medical body for that purpose.

113.   Furthermore, these test results in no way change or affect the therapy that Boston Heart recommends, which includes proper diet, exercise, healthy body weight and no smoking.

### 4.   Boston Heart Targets General Practitioners and Other Non-Cardiology Physicians to Maximize its Test Revenues

114.   Boston Heart bills itself as a leader in the field of cardiovascular testing and on the cutting edge of scientific knowledge in this area:

**Our Exclusive Tests**

Boston Heart is transforming the treatment of cardiovascular disease by providing healthcare providers and their patients with novel, personalized diagnostics and reports with integrated, customized lifestyle programs that have

43

the power to change the way clinicians and patients communicate about disease and improve heart health.[11]

Our unique approach, which includes proprietary tests and the application of cardio-informatics, unlocks information not available through any other laboratory. We go beyond test results by providing a comprehensive cardiovascular disease risk assessment and personalized treatment plan for each patient, as well as support tools to guide positive lifestyle and nutrition changes that can impact heart health.[12]

Our company was founded by accomplished lipidologists, clinicians and scientists who have dedicated their careers to revealing the mechanisms of cardiovascular disease progression. Through extensive research and clinical studies, they showed that standard lipid profiling did not adequately identify individuals at risk for cardiovascular disease. They went on to develop and make available advanced methodologies to address this unmet medical need.[13]

Everything we do, from the tests we perform through our treatment recommendations, uses an evidence-based approach, grounded in over thirty years of original scientific research. . . We are passionate about ongoing discovery that yields solutions to predict, prevent, manage and reverse cardiovascular disease (CVD).[14]

115.    General Practitioners and other non-cardiology physicians are Boston Heart's primary target.   They are less sophisticated in the field of cardiovascular testing than cardiologists and more easily swayed by Boston Heart's false marketing statements as to the benefits of and scientific validation of its tests, recommendations, purported leadership in the cardiac testing field and structure of its claim form.  Indeed, when Relator met with Boston Heart representatives via WebEx on August 15, 2014 to educate them that their test panels included many unnecessary tests, she saw that Boston Heart had as its model physician a family practice physician.

---

[11] http://www.bostonheartdiagnostics.com/
[12] http://www.bostonheartdiagnostics.com/about_overview.php
[13] http://www.bostonheartdiagnostics.com/about_overview.php
[14] http://www.bostonheartdiagnostics.com/science_overview.php

116.     In an email dated August 15, 2014 from Jeff Craven, Vice President, Payor Innovation and Strategy at Boston Heart to Shawn Schwartz, Director of the National Lab Program at United Healthcare, regarding the volume of testing from a family practice physician, Mr. Craven transmits data showing an unusually large number of a family physician's patients receiving cardiac tests from Boston Heart in a single year. 1,358 of that physician's patients received such testing in one year, or approximately 5 patients per day. In a follow-up internal UHC email on the same day, Relator properly deemed this volume of testing "suspect."

117.     These non-cardiology physicians are more susceptible to Boston Heart's marketing message and more easily persuaded to accept its misrepresentations as a scientific leader in the field of cardiovascular testing, regarding the ability of its tests to predict cardiac risk.  As such, they were Boston Heart's target market.

## VI.    COUNTS

### COUNT I

#### Federal False Claims Act
#### 31 U.S.C. §§3729(a)(1)(A) and (a)(1)(B)
#### (Against All Defendants)

118.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

119.     This is a claim for treble damages and penalties under the False Claims Act, 31 U.S.C. §3729, et seq., as amended.

120.     By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to officers, employees or agents of the United States Government for payment or approval, within the meaning of 31 U.S.C. §3729(a)(1)(A).

45

121.    By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used a false record or statement material to a false or fraudulent claim, within the meaning of 31 U.S.C. §3729(a)(1)(B).

122.    The United States, unaware of the falsity of the records, statements and claims made or caused to be made by the Defendants, paid and continues to pay the claims that would not be paid but for Defendants' unlawful conduct.

123.    By reason of the Defendants' acts, the United States has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

124.    Additionally, the United States is entitled to the maximum penalty of $11,000 for each and every false and fraudulent claim made and caused to be made by Defendants arising from their unlawful conduct as described herein.

### COUNT II

#### Federal False Claims Act
#### 31 U.S.C. §3729(a)(1)(G)
#### (Against All Defendants)

125.    Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

126.    This is a claim for penalties and treble damages under the Federal False Claims Act.

127.    By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money to the Government, within the meaning of 31 U.S.C. §3729(a)(1)(G).

46

128.     As a result, monies were lost to the United States through the non-payment or non-transmittal of money or property owed to the United States by the Defendants, and other costs were sustained by the United States.

129.     By reason of the Defendants' acts, the United States has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

130.     Additionally, the United States is entitled to the maximum penalty of up to $11,000 for each and every false record or statement knowingly made, used, or caused to be made or used to conceal, avoid, or decrease an obligation to pay or transmit money or property to the United States.

## COUNT III

### California False Claims Act
### Cal Gov't. Code §12651(a)(1)-(2), (7)
### (Against All Defendants)

131.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

132.     This is a claim for treble damages and penalties under the California False Claims Act.

133.     By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the California State Government for payment or approval.

134.     By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, to get the California State Government to approve and pay such false and fraudulent claims.

47

135.    By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money or property to the California State Government.

136.    The California State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for Defendants' unlawful conduct.

137.    By reason of the Defendants' acts, the State of California has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

138.    Additionally, the California State Government is entitled to the maximum penalty of $10,000 for each and every violation alleged herein.

## COUNT IV

### Colorado Medicaid False Claims Act
### C.R.S. §25.5-4-303.5 et seq.

139.    Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

140.    This is a claim for treble damages and penalties under the Colorado Medicaid False Claims Act.

141.    By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the Colorado State Government for payment or approval.

142.    By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, to get the Colorado State Government to approve and pay such false and fraudulent claims.

48

143.    By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Colorado State Government.

144.    The Colorado State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for Defendants' unlawful conduct.

145.    By reason of the Defendants' acts, the State of Colorado has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

146.    Additionally, the Colorado State Government is entitled to the maximum penalty of $11,000 for each and every violation alleged herein.

## COUNT V

### Connecticut False Claims Act
### Conn. Gen. Stat. § 17b-301b
### (Against All Defendants)

147.    Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

148.    This is a claim for treble damages and penalties under the Connecticut False Claims Act.

149.    By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the Connecticut State Government for payment or approval.

150.    By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, to get the Connecticut State Government to approve and pay such false and fraudulent claims.

49

151.    The Connecticut State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for Defendants' unlawful conduct.

152.    By reason of the Defendants' acts, the State of Connecticut has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

153.    Additionally, the Connecticut State Government is entitled to the maximum penalty of $10,000 for each and every violation alleged herein.

## COUNT VI

### Delaware False Claims And Reporting Act
### 6 Del C. §1201(a)(1)-(2), (7)
### (Against All Defendants)

154.    Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

155.    This is a claim for treble damages and penalties under the Delaware False Claims And Reporting Act.

156.    By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the Delaware State Government for payment or approval.

157.    By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, to get the Delaware State Government to approve and pay such false and fraudulent claims.

50

158.    By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Delaware State Government.

159.    The Delaware State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for Defendants' unlawful conduct.

160.    By reason of the Defendants' acts, the State of Delaware has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

161.    Additionally, the Delaware State Government is entitled to the maximum penalty of $11,000 for each and every violation alleged herein.

**COUNT VII**

**Florida False Claims Act**
**Fla. Stat. Ann. §68.082(2)(a)-(b), (g)**
**(Against All Defendants)**

162.    Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

163.    This is a claim for treble damages and penalties under the Florida False Claims Act.

164.    By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the Florida State Government for payment or approval.

165.    By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, to induce the Florida State Government to approve and pay such false and fraudulent claims.

166.    By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Florida State Government.

167.    The Florida State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for Defendants' unlawful conduct.

168.    By reason of the Defendants' acts, the State of Florida has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

169.    Additionally, the Florida State Government is entitled to the maximum penalty of $11,000 for each and every violation alleged herein.

**COUNT VIII**

**Georgia False Medicaid Claims Act**
**Ga. Code Ann. §49-4-168.1(1)-(2), (7)**
**(Against All Defendants)**

170.    Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

171.    This is a claim for treble damages and penalties under the Georgia False Medicaid Claims Act.

172.    By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the Georgia State Government for payment or approval.

173.    By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to get the Georgia State Government to approve and pay such false and fraudulent claims.

52

174.    By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Georgia State Government.

175.    The Georgia State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for Defendants' unlawful conduct.

176.    By reason of the Defendants' acts, the State of Georgia has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

177.    Additionally, the Georgia State Government is entitled to the maximum penalty of $11,000 for each and every violation alleged herein.

**COUNT IX**

**Hawaii False Claims Act**
**Haw. Rev. Stat. §661-21(a)(1)-(2), (7)**
**(Against All Defendants)**

178.    Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

179.    This is a claim for treble damages and penalties under the Hawaii False Claims Act.

180.    By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the Hawaii State Government for payment or approval.

181.    By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, to get the Hawaii State Government to approve and pay such false and fraudulent claims.

53

182.     By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Hawaii State Government.

183.     The Hawaii State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for Defendants' unlawful conduct.

184.     By reason of the Defendants' acts, the State of Hawaii has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

185.     Additionally, the Hawaii State Government is entitled to the maximum penalty of $10,000 for each and every violation alleged herein.

**COUNT X**

**Illinois Whistleblower Reward And Protection Act**
**740 Ill. Comp. Stat. §175/3(a)(1)-(2), (7)**
**(Against All Defendants)**

186.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

187.     This is a claim for treble damages and penalties under the Illinois Whistleblower Reward And Protection Act.

188.     By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the Illinois State Government for payment or approval.

189.     By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, to induce the Illinois State Government to approve and pay such false and fraudulent claims.

190.     By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Illinois State Government.

191.     The Illinois State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for Defendants' unlawful conduct.

192.     By reason of the Defendants' acts, the State of Illinois has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

193.     Additionally, the Illinois State Government is entitled to the maximum penalty of $11,000 for each and every violation alleged herein.

**COUNT XI**

**Indiana False Claims and Whistleblower Protection Act**
**IC 5-11-5.5-2(b)(2), (6)**
**(Against All Defendants)**

194.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

195.     This is a claim for treble damages and penalties under the Indiana False Claims and Whistleblower Protection Act.

196.     By virtue of the acts described above, Defendants knowingly made or used false records and statements to obtain payment or approval of a false claim from the Indiana State Government.

197.     By virtue of the acts described above, Defendants knowingly made or used false records or statements to avoid an obligation to pay or transmit property to the Indiana State Government.

55

198.     The Indiana State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for Defendants' unlawful conduct.

199.     By reason of the Defendants' acts, the State of Indiana has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

200.     Additionally, the Indiana State Government is entitled to a penalty of at least $5,000 for each and every violation alleged herein.

## COUNT XII
### Iowa False Claims Act
### Iowa Code Ann. § 685.2(1)(A), (B), (G)

201.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

202.     This is a claim for treble damages and penalties under the Iowa False Claims Act.

203.     By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the Iowa State Government for payment or approval.

204.     By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, to induce the Iowa State Government to approve and pay such false and fraudulent claims.

205.     By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Iowa State Government.

206.    The Iowa State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for Defendants' unlawful conduct.

207.    By reason of the Defendants' acts, the State of Iowa has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

208.    Additionally, the Iowa State Government is entitled to the maximum penalty of $10,000 for each and every violation alleged herein.

## COUNT XIII

### Louisiana Medical Assistance Programs Integrity Law
### La. Rev. Stat. § 46:438.3(A)-(C)
### (Against All Defendants)

209.    Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

210.    This is a claim for treble damages and penalties under the Louisiana Medical Assistance Programs Integrity Law.

211.    By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the Louisiana State Government.

212.    By virtue of the acts described above, Defendants knowingly engaged in misrepresentation or made, used, or caused to be made or used false records and statements, to obtain payment for false and fraudulent claims from the Louisiana State Government.

213.    By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Louisiana State Government.

57

214.     The Louisiana State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for Defendants' unlawful conduct.

215.     By reason of the Defendants' acts, the State of Louisiana has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

216.     Additionally, the Louisiana State Government is entitled to the maximum penalty of $10,000 for each and every violation alleged herein.

**Count XIV**
**The Maryland False Health Claims Act**
**Md. Code Ann., Health-Gen. §§ 2-602(A)(1), (2)**

217.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

218.     This is a claim for treble damages and penalties under the Maryland False Health Claims Act.

219.     By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the Maryland State Government for payment or approval.

220.     By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, to induce the Maryland State Government to approve and pay such false and fraudulent claims.

221.     By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Maryland State Government.

58

222.     The Maryland State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for Defendants' unlawful conduct.

223.     By reason of the Defendants' acts, the State of Maryland has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

224.     Additionally, the Maryland State Government is entitled to the maximum penalty of $10,000 for each and every violation alleged herein.

**COUNT XV**

**Massachusetts False Claims Law**
**Mass. Gen. Laws ch. 12 §5B(1)-(2), (8)**
**(Against All Defendants)**

225.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

226.     This is a claim for treble damages and penalties under the Massachusetts False Claims Law.

227.     By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the Massachusetts State Government for payment or approval.

228.     By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, to induce the Massachusetts State Government to approve and pay such false and fraudulent claims.

229.     By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Massachusetts State Government.

59

230.    The Massachusetts State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for Defendants' unlawful conduct.

231.    By reason of the Defendants' acts, the State of Massachusetts has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

232.    Additionally, the Massachusetts State Government is entitled to the maximum penalty of $10,000 for each and every violation alleged herein.

**COUNT XVI**

**Michigan Medicaid False Claims Act**
**§400.603(1)-(2)**
**(Against All Defendants)**

233.    Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

234.    This is a claim for treble damages and penalties under the Michigan Medicaid False Claims Act.

235.    By virtue of the acts described above, Defendants knowingly made or caused to be made a false statement or false representation of material fact in an application for Medicaid benefits to the Michigan State Government.

236.    By virtue of the acts described above, Defendants knowingly made or caused to be made a false statement or false representation of material fact for use in determining rights to a Medicaid benefit.

237.    The Michigan State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for Defendants' unlawful conduct.

238.    By reason of the Defendants' acts, the State of Michigan has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

239.    Additionally, the Michigan State Government is entitled to the maximum penalty of $10,000 for each and every violation alleged herein.

### Count XVII

### Minnesota False Claims Act
### Minn. Stat. §15c.02 et seq.

240.    Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

241.    This is a claim for treble damages and penalties under the Minnesota False Claims Act.

242.    By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the Minnesota State Government for payment or approval.

243.    By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, to get the Minnesota State Government to approve and pay such false and fraudulent claims.

244.    By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Minnesota State Government.

61

245.    The Minnesota State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for Defendants' unlawful conduct.

246.    By reason of the Defendants' acts, the State of Minnesota has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

247.    Additionally, the Minnesota State Government is entitled to the maximum penalty of $11,000 for each and every violation alleged herein.

## COUNT XVIII

### Montana False Claims Act
### Mont. Code Ann. 17-8-403(1)(a)-(b), (g)
### (Against All Defendants)

248.    Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

249.    This is a claim for treble damages and penalties under the Montana False Claims Act.

250.    By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the Montana State Government for payment or approval.

251.    By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, to get the Montana State Government to approve and pay such false and fraudulent claims.

252.    By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Montana State Government.

253.    The Montana State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for Defendants' unlawful conduct.

254.    By reason of the Defendants' acts, the State of Montana has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

255.    Additionally, the Montana State Government is entitled to the maximum penalty of $10,000 for each and every violation alleged herein.

## COUNT XIX

### Nevada Submission of False Claims
### to State or Local Government Act
### Nev. Rev. Stat. Ann. §357.040(1)(a)-(b), (g)
### (Against All Defendants)

256.    Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

257.    This is a claim for treble damages and penalties under the Nevada Submission of False Claims to State or Local Government Act.

258.    By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the Nevada State Government for payment or approval.

259.    By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the Nevada State Government to approve and pay such false and fraudulent claims.

63

260.    By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Nevada State Government.

261.    The Nevada State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for Defendants' unlawful conduct.

262.    By reason of the Defendants' acts, the State of Nevada has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

263.    Additionally, the Nevada State Government is entitled to the maximum penalty of $10,000 for each and every violation alleged herein.

## COUNT XX

### New Jersey False Claims Act
### N.J. Stat. §2A:32C-3(a)-(b), (g)
### (Against All Defendants)

264.    Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

265.    This is a claim for treble damages and penalties under the New Jersey False Claims Act.

266.    By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the New Jersey State Government for payment or approval.

267.    By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, to get the New Jersey State Government to approve and pay such false and fraudulent claims.

64

268.    By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money or property to the New Jersey State Government.

269.    The New Jersey State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for Defendants' unlawful conduct.

270.    By reason of the Defendants' acts, the New Jersey has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

271.    Additionally, the New Jersey State Government is entitled to the maximum penalty of $11,000 for each and every violation alleged herein.

## COUNT XXI

### New Mexico Medicaid False Claims Act
### N.M. Stat. Ann. § 27-14-3(a)(1)-(2), (7)
### (Against All Defendants)

272.    Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

273.    This is a claim for treble damages and penalties under the New Mexico Medicaid False Claims Act.

274.    By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the New Mexico State Government for payment or approval.

275.    By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, to induce the New Mexico State Government to approve and pay such false and fraudulent claims.

276.    By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money or property to the New Mexico State Government.

277.    The New Mexico State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for Defendants' unlawful conduct.

278.    By reason of the Defendants' acts, the State of New Mexico has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

279.    Additionally, the New Mexico State Government is entitled to the maximum penalty of $10,000 for each and every violation alleged herein.

## COUNT XXII

### New York False Claims Act
### NY CLS St. Fin. §189(a)-(b), (g)
### (Against All Defendants)

280.    Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

281.    This is a claim for treble damages and penalties under the New York False Claims Act.

66

282.    By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the New York State Government for payment or approval.

283.    By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, to get the New York State Government to approve and pay such false and fraudulent claims.

284.    By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money or property to the New York State Government.

285.    The New York State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for Defendants' unlawful conduct.

286.    By reason of the Defendants' acts, the State of New York has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

287.    Additionally, the New York State Government is entitled to the maximum penalty of $12,000 for each and every violation alleged herein.

## COUNT XXIII

### North Carolina False Claims Act
### 2009-554 N.C. Sess. Laws §1-607(a)(1)-(2), (7)
### (Against All Defendants)

288.    Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

67

289.     This is a claim for treble damages and penalties under the North Carolina False Claims Act.

290.     By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the North Carolina State Government for payment or approval.

291.     By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, to get the North Carolina State Government to approve and pay such false and fraudulent claims.

292.     By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money or property to the North Carolina State Government.

293.     The North Carolina State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for Defendants' unlawful conduct.

294.     By reason of the Defendants' acts, the State of North Carolina has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

295.     Additionally, the North Carolina State Government is entitled to the maximum penalty of $11,000 for each and every violation alleged herein.

68

## COUNT XXIV

### Oklahoma Medicaid False Claims Act
### Okla. Stat. tit. 63, §5053.1B (1)-(2), (7)
### (Against All Defendants)

296.    Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

297.    This is a claim for treble damages and penalties under the Oklahoma Medicaid False Claims Act.

298.    By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the Oklahoma State Government for payment or approval.

299.    By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, to get the Oklahoma State Government to approve and pay such false and fraudulent claims.

300.    By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Oklahoma State Government.

301.    The Oklahoma State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for Defendants' unlawful conduct.

302.    By reason of the Defendants' acts, the State of Oklahoma has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

303.    Additionally, the Oklahoma State Government is entitled to the maximum penalty of $10,000 for each and every violation alleged herein.

## COUNT XXV

### Rhode Island State False Claims Act
### R.I. Gen. Laws §9-1.1-3(1)-(2), (7)
### (Against All Defendants)

304.    Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

305.    This is a claim for treble damages and penalties under the Rhode Island State False Claims Act.

306.    By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the Rhode Island State Government for payment or approval.

307.    By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, to get the Rhode Island State Government to approve and pay such false and fraudulent claims.

308.    By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Rhode Island State Government.

309.    The Rhode Island State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for Defendants' unlawful conduct.

310.    By reason of the Defendants' acts, the State of Rhode Island has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

311.    Additionally, the Rhode Island State Government is entitled to the maximum penalty of $10,000 for each and every violation alleged herein.

### COUNT XXVI

**Tennessee False Claims Act and Medicaid False Claims Act**
**Tenn. Code Ann. §§ 4-18-103(a)(1)-(2), (7)**
**and 71-5-181(a)(1)(A), (B) and (D)**
**(Against All Defendants)**

312.    Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

313.    This is a claim for treble damages and penalties under the Tennessee Medicaid False Claims Law.

314.    By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the Tennessee State Government for payment or approval.

315.    By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, to induce the Tennessee State Government to approve and pay such false and fraudulent claims.

316.    By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Tennessee State Government.

317.    The Tennessee State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for Defendants' unlawful conduct.

71

318.     By reason of the Defendants' acts, the State of Tennessee has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

319.     Additionally, the Tennessee State Government is entitled to the maximum penalty of $10,000 for each and every violation alleged herein.

**COUNT XXVII**

**Texas Medicaid Fraud Prevention Act**
**Tex. Hum. Res. Code Ann. §36.002(4)(B), (12)**
**(Against All Defendants)**

320.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

321.     This is a claim for treble damages and penalties under the Texas Medicaid Fraud Prevention Act.

322.     By virtue of the acts described above, Defendants knowingly made, caused to be made, induced or sought to induce the making of a false statement or misrepresentation of material fact concerning information required to be provided by a federal or state law, rule, regulation or provider agreement pertaining to the Medicaid program.

323.     By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Texas State Government.

324.     The Texas State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for Defendants' unlawful conduct.

325.     By reason of the Defendants' acts, the State of Texas has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

326.     Additionally, the Texas State Government is entitled to the maximum penalty of $10,000 for each and every violation alleged herein.

## COUNT XXVIII

### Virginia Fraud Against Taxpayers Act
### Va. Code Ann. §8.01-216.3(a)(1)-(2), (7)
### (Against All Defendants)

327.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

328.     This is a claim for treble damages and penalties under the Virginia Fraud Against Taxpayers Act.

329.     By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the Virginia State Government for payment or approval.

330.     By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, to induce the Virginia State Government to approve and pay such false and fraudulent claims.

331.     By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Virginia State Government.

332.     The Virginia State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for Defendants' unlawful conduct.

333.     By reason of the Defendants' acts, the State of Virginia has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

334.     Additionally, the Virginia State Government is entitled to the maximum penalty $11,000 for each and every violation alleged herein.

## COUNT XXIX

### Washington Health Care False Claim Act
### Wash. Rev. Code §§ 48.80.030(1), (2), (3)

335.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

336.     This is a claim for treble damages and penalties under the Washington Health Care False Claims Act.

337.     By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the Washington State Government for payment or approval.

338.     By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or  used false records and statements, to get the Washington State Government to approve and pay such false and fraudulent claims.

339.     By virtue of the acts described above, Defendant knowingly made, used, or caused to be made or used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Washington State Government.

340.     The Washington State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for Defendants' unlawful conduct.

341.     By reason of the Defendants' acts, the State of Washington has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

342.    Additionally, the Washington State Government is entitled to the maximum penalty of $11,000 for each and every violation alleged herein.

## COUNT XXX

### Wisconsin False Claims For Medical Assistance Act
### Wis. Stat. §20.931(2)(a)-(b), (g)
### (Against All Defendants)

343.    Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

344.    This is a claim for treble damages and penalties under the Wisconsin False Claims for Medical Assistance Act.

345.    By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the Wisconsin State Government for payment or approval.

346.    By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, to get the Wisconsin State Government to approve and pay such false and fraudulent claims.

347.    By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Wisconsin State Government.

348.    The Wisconsin State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for Defendants' unlawful conduct.

75

349.    By reason of the Defendants' acts, the State of Wisconsin has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

350.    Additionally, the Wisconsin State Government is entitled to the maximum penalty of $10,000 for each and every violation alleged herein.

**COUNT XXXI**
**District of Columbia False Claims Act**
**D.C. Code Ann. §2-308.14(a)(1)-(2), (7)**
**(Against All Defendants)**

351.    Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

352.    This is a claim for treble damages and penalties under the District of Columbia False Claims Act.

353.    By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the District of Columbia Government for payment or approval.

354.    By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, to get the District of Columbia Government to approve and pay such false and fraudulent claims.

355.    By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money or property to the District of Columbia Government.

356.    The District of Columbia Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for Defendants' unlawful conduct.

76

357.   By reason of the Defendants' acts, the District of Columbia has been damaged, and continues to be damaged, in substantial amount to be determined at trial.

358.   Additionally, the District of Columbia Government is entitled to the maximum penalty of $10,000 for each and every violation alleged herein.

### REQUESTS FOR RELIEF

WHEREFORE, Relator, on behalf of the United States and the Plaintiff States, demands that judgment be entered in their favor and against Defendants for the maximum amount of damages and such other relief as the Court may deem appropriate on each Count. This includes, with respect to the Federal False Claims Act, three times the amount of damages to the Federal Government plus civil penalties of no more than Eleven Thousand Dollars ($11,000.00) and no less than Five Thousand Five Hundred Dollars ($5,500.00) for each false claim, and any other recoveries or relief provided for under the Federal False Claims Act.

This Request also includes, with respect to the state statutes cited above, the maximum damages permitted by those statutes and the maximum fine or penalty permitted by those statutes, and any other recoveries or relief provided for under the State FCA's.

Further, Relator requests that he receive the maximum amount permitted by law of the proceeds of this action or settlement of this action collected by the United States and the Plaintiff States, plus reasonable expenses necessarily incurred, and reasonable attorneys' fees and costs. Relator requests that his award be based upon the total value recovered, both tangible and intangible, including any amounts received from individuals or entities not parties to this action.

## DEMAND FOR JURY TRIAL

A jury trial is demanded in this case.

Dated: February 3, 2015

By: _____

R. Scott Oswald, VA Bar No. 47634
David Scher, VA Bar No. 41770
*Counsel for Plaintiffs*
The Employment Law Group, P.C.
888 17th Street NW, 9th Floor
Washington, D.C.  20006
Tel: (202) 331-2883
Fax: (202) 261-2835
SOswald@employmentlawgroup.com
DScher@employmentlawgroup.com


Sherrie R. Savett (PA I.D. #17646)
Russell D. Paul (PA I.D. #71220)
Benjamin A. Waters (PA I.D. #313494)
Berger & Montague, P.C.
*Counsel for Plaintiffs*
1622 Locust Street
Philadelphia, PA  19103
Tel: (215) 875-3000
Fax: (215) 875-4636
ssavett@bm.net
rpaul@bm.net
bwaters@bm.net

Kal6898230

78