# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, THE STATE OF CALIFORNIA, THE STATE OF CONNECTICUT, THE STATE OF COLORADO, THE STATE OF DELAWARE, THE STATE OF FLORIDA, THE STATE OF GEORGIA, THE STATE OF HAWAII, THE STATE OF ILLINOIS, THE STATE OF INDIANA, THE STATE OF LOUISIANA, THE STATE OF MARYLAND, THE COMMONWEALTH  OF MASSACHUSETTS, THE STATE OF MICHIGAN, THE STATE OF MINNESOTA, THE STATE OF MONTANA, THE STATE OF NEVADA, THE STATE OF NEW JERSEY, THE STATE OF NEW MEXICO, THE STATE OF NEW YORK, THE STATE OF NORTH CAROLINA, THE STATE OF OKLAHOMA, THE STATE OF RHODE ISLAND, THE STATE OF TENNESSEE, THE STATE OF TEXAS, THE COMMONWEALTH OF VIRGINIA, THE STATE OF WASHINGTON, THE STATE OF WISCONSIN and DISTRICT OF COLUMBIA *ex rel*. TINA D. GROAT, M.D., M.B.A. | CASE NO. : 1:15-cv-00487 (RBW) |
| | |
| Plaintiffs, | RELATOR'S MOTION FOR JUDICIAL NOTICE |
| | |
| v. | |
| | |
| BOSTON HEART DIAGNOSTICS CORPORATION | |
| | |
| Defendant. | |

Relator Tina D. Groat, M.D., respectfully moves the Court to take judicial notice of the below-described documents in connection with Relator's Opposition to Defendant's Motion to Dismiss filed concurrently with this motion, and in support thereof, states:

1.    Medicare contracts with private entities called Medicare Administrative Contractors ("MAC"), to perform certain functions in the Medicare claims review and reimbursement process.  "Under this system, a Medicare health care provider submits its claim for payment directly to the Medicare Administrative Contractor for its geographic region." Popkin v. Burwell, 172 F. Supp. 3d 161, 164 (D.D.C. 2016).

2.    Medicare only covers services that are "reasonable and necessary."  42 U.S.C. § 1395y(1)(A).

3.    MACs formulate and issue Local coverage determinations ("LCD") which pronounce determinations "respecting whether or not a particular item or service is covered" by Medicare.  42 U.S.C. § 1395ff(f)(2)(B); see generally Hays v. Sebelius, 589 F.3d 1279, 1280 (D.C. Cir. 2009).  Put differently, a "MAC may, by way of a Local Coverage Determination (LCD), make its own determination as to whether an item or service is reasonable and necessary—and, therefore, covered by Medicare."  Whitcomb v. Burwell, 2015 WL 3397697, at *1 (E.D. Wis. May 26, 2015).

4.    In its motion to dismiss, Boston Heart asserted that before June 1, 2013, the MAC for Massachusetts was National Heritage Insurance Corporation ("NHIC"), and that after June 1, 2013, the MAC for Massachusetts is National Government Services Inc. ("NGS").  (Dkt. 48-1 at 22).

5.    Relator respectfully requests that the Court take judicial notice of the following LCDs promulgated by NGS:

- NGS LCD L34506 (effective March 1, 2014 to September 30, 2015) (**Exhibit 1**);

- NGS LCD L35000 (effective October 1, 2015 to present) (**Exhibit 2**);

- NGS LCD L32456 (effective June 1, 2012 to September 30 2015) (**Exhibit 3**);

- NGS LCD L25275 (effective December 1, 2007 to September 30, 2015) (**Exhibit 4**); and

- NGS LCD L33392 (effective October 1, 2015 to present) (**Exhibit 5**).

6.      In addition, Relator respectfully requests that the Court take judicial notice of LCD L36089, which was promulgated by Palmetto GBA, the MAC for North Carolina, South Carolina, Virginia, and West Virginia, with an effective date of October 1, 2015.  LCD L36089 is attached as **Exhibit 6** to this motion.

7.      LCDs, including those identified in paragraphs 5 and 6 above, are available on the website of the Centers for Medicare & Medicaid Services ("CMS").  Current LCDs are available at   https://www.cms.gov/medicare-coverage-database/indexes/national-and-local-indexes.aspx, while       retired       LCDs       are       available       at http://localcoverage.cms.gov/mcd_archive/overview.aspx?from2=overview.aspx&.

8.      Courts in this District have routinely taken judicial notice of documents and information available on government websites.  See Kelleher v. Dream Catcher, L.L.C., 2016 WL 7429396, at *2 n. 2 (D.D.C. Dec. 23, 2016) ("The court can take judicial notice of a public agency's policies and procedures."); Markowicz v. Johnson, 2016 WL 4574651, at *1 n. 2 (D.D.C. Sept. 1, 2016) ("The Court takes judicial notice of information posted on official public websites of government agencies."); Pharm. Research & Manufacturers of Am. v. United States Dep't of Health & Human Servs., 43 F. Supp. 3d 28, 33 (D.D.C. 2014) ("Courts in this jurisdiction have frequently taken judicial notice of information posted on official public websites of government agencies.").

9.       In its motion to dismiss, Boston Heart directed the Court to CMS's website to find Medicare's Clinical Laboratory Fee Schedule and asserted that it "is subject to judicial notice." (Dkt. 48-1 at 11 n. 12) (citing Pharm. Research & Mfrs. of Am., 43 F. Supp. 3d at 33).  Likewise, Boston Heart pointed the Court to CMS's website for purposes of taking judicial notice of the identity of the Medicare Administrative Contractor responsible for processing Medicare reimbursement claims in Massachusetts.  (Dkt. 48-1 at 30 n. 24) (citing Pharm. Research & Mfrs. of Am., 43 F. Supp. 3d at 33).

10.      Relator refers to the LCDs identified above in her opposition to Boston Heart's motion to dismiss.  (Dkt. 50).

11.      Pursuant to Local Rule 7(c) and Section 10(a) of the General Order for Civil Cases Before the Honorable Reggie B. Walton, a proposed order granting the relief requested in this motion is attached as **Exhibit 7**.

12.      Pursuant to Local Rule 7(m) and Section 10 of the General Order for Civil Cases Before the Honorable Reggie B. Walton, undersigned counsel certifies that he spoke with counsel for Boston Heart, who advised that Boston Heart opposes the relief requested in this motion.

13.      Pursuant to Section 10 of the General Order for Civil Cases Before the Honorable Reggie B. Walton, a courtesy copy of this motion and its exhibits will be provided to chambers upon filing.

Accordingly, Relator respectfully requests that the Court take judicial notice of the above-identified LCDs that are attached as **Exhibits 1 through 6.**

Dated:  February 17, 2017                         Respectfully submitted,

                                                                    **MEHRI & SKALET, PLLC**

4

*/s/   Steven A. Skaet*
Steven A. Skalet
Mehri & Skalet, PLLC
1250 Connecticut Ave. NW Suite 300
Washington, DC  20036
Telephone: 202.822.5100 ext. 105
Facsimile: 202.822.4997 |
sskalet@findjustice.com

Sherrie R. Savett (admitted *pro hac vice*)
(PA Bar No. 17646)
Russell D. Paul (admitted *pro hac vice*)
(PA Bar No. 71220)
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, PA  19103-6305
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
ssavett@bm.net
rpaul@bm.net

## **CERTIFICATE OF SERVICE**

I certify that the foregoing document was filed on February 17, 2017 with the Clerk of

Court through the Court's CM/ECF system.

*/s/ Steven A. Skalet*
Steven A. Skalet