**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, THE STATE OF CALIFORNIA, THE STATE OF CONNECTICUT, THE STATE OF COLORADO, THE STATE OF DELAWARE, THE STATE OF FLORIDA, THE STATE OF GEORGIA, THE STATE OF HAWAII, THE STATE OF ILLINOIS, THE STATE OF INDIANA, THE STATE OF LOUISIANA, THE STATE OF MARYLAND, THE COMMONWEALTH OF MASSACHUSETTS, THE STATE OF MICHIGAN, THE STATE OF MINNESOTA, THE STATE OF MONTANA, THE STATE OF NEVADA, THE STATE OF NEW JERSEY, THE STATE OF NEW MEXICO, THE STATE OF NEW YORK, THE STATE OF NORTH CAROLINA, THE STATE OF OKLAHOMA, THE STATE OF RHODE ISLAND, THE STATE OF TENNESSEE, THE STATE OF TEXAS, THE COMMONWEALTH OF VIRGINIA, THE STATE OF WASHINGTON, THE STATE OF WISCONSIN and DISTRICT OF COLUMBIA *ex rel*. TINA D. GROAT, M.D., M.B.A. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**CASE NO. : 1:15-cv-00487 (RBW)**

**PLAINTIFF- RELATOR'S OPPOSITION TO MOTION FOR ORDER FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF**

Plaintiffs,

v.

BOSTON HEART DIAGNOSTICS CORPORATION, 175 Crossing Blvd. Framingham, MA 01702

Defendant.

<u>**PLAINTIFF- RELATOR'S OPPOSITION TO MOTION OF**</u>
<u>**AMERICAN CLINICAL LABORATORY ASSOCIATION**</u>
<u>**FOR LEAVE TO FILE AMICUS BRIEF**</u>

The American Clinical Laboratory Association ("ACLA")'s Motion for Order for Leave to

File an Amicus Brief should be denied because ACLA is a special interest group that wishes to

discuss policy issues that are inadmissible and unhelpful to this Court's evaluation of Boston

Heart's Motion for Reconsideration. Further, not only are amicus briefs more suitable to an

appellate panel than at the trial level, but ACLA's proffered contribution — the impact of the

Court's decision on laboratories — has already been briefed by Boston Heart. Granting ACLA

leave to make extraneous and duplicative arguments would unnecessarily burden this Court.

Local Rule 7(o)(2) requires in part that a movant requesting leave to file an amicus brief

show (i) that an amicus brief is desirable and (ii) that the movant's position is not adequately

represented. D.C. District Court cases set out three additional and overlapping considerations

regarding whether a district court should allow a third party to participate as an amicus:

> "[C]ourts have granted amici permission to file briefs when 'a party is not
> represented competently or is not represented at all, when the amicus has an
> interest in some other case that may be affected by the decision in the present
> case,' or in cases where 'the amicus has unique information or perspective that
> can help the court beyond the help that the lawyers for the parties are able to
> provide.'"

*Matter of Search of Info. Associated with [redacted]@mac.com that is Stored at Premises*

*Controlled by Apple, Inc.,* 13 F. Supp. 3d 157, 167 (D.D.C. 2014) (denying motion for leave to

file amicus brief). The first two grounds are unavailable to ACLA because each party has

competent counsel and ACLA has not shown it is involved in other related litigation. Because

ACLA cannot meet any of the remaining requirements, this Court should deny the Motion for

Order for Leave to File Amicus Brief.

1

**I.     ACLA's Amicus Curiae Brief is Undesirable Because ACLA Admits That It Is A Special Interest Group and Raises Almost Exclusively Policy Issues.**

This Court should deny ACLA's motion because ACLA is a special interest group whose biased views will not aid the Court. Amicus curiae means "friend of the court, not friend of a party." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997). Courts "consider the presence of partiality" when determining whether to grant leave. *Smith v. Chrysler Fin. Co.,* No. CIV.A. 00-6003 (DMC), 2003 WL 328719, at *8 (D.N.J. 2003). Courts must be wary of the partisan amicus, as "amicus curiae briefs are often attempts to inject interest-group politics into the [judicial] process by flaunting the interest of a trade association or other interest group in the outcome." *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2000).

ACLA freely admits its status as a special interest group that lobbies on behalf of the clinical laboratory industry. *See* Motion for Order for Leave to File Amicus Brief (hereinafter "Motion for Leave") at 2, ("The mission of ACLA is to *[a]dvocate for laws and regulations* recognizing the essential role that laboratory services play in delivering cost-effective health care") (emphasis added). In fact, ACLA notes that it participated in the negotiated rulemaking that led to 42 C.F.R. § 410.32. *Id.* at 4-5. What ACLA elides is that its participation necessarily consisted of lobbying on behalf of its members as is typically done in an agency rulemaking. *See* 5 U.S.C.A. § 564 (West) (2017) (notice of negotiated rulemaking shall include "a list of the interests which are likely to be significantly affected by the rule" and "a list of the persons proposed to represent such interests and the person or persons proposed to represent the agency").

ACLA's status as a special interest group makes its participation in a judicial proceeding, where the Court must find facts and apply the law, undesirable. While ACLA takes issue with this Court's holding that Boston Heart "has an obligation to establish that the tests for which it

seeks government reimbursement are medically necessary," Memorandum Opinion at 16, its objections to this Court's correct statutory interpretation are improper in a litigation context. For example, ACLA proffers that it could "explain the role that laboratories play in patient care, generally." Motion for Leave at 4.  Not only is such evidence unrelated to this Court's work of statutory interpretation, this Court has already determined that it is also inadmissible at the Motion to Dismiss stage. *See* Memorandum Opinion at 19 (declining Boston Heart's invitation to weigh the medical literature because doing so would require the Court to resolve questions of fact). Further, ACLA's warning that the Court's determination "could be applied to laboratories across the country," Motion for Leave at 4, is wholly inappropriate. This Court has carried out its duty to interpret the law, and ACLA's injection of its views on policy, made only after this Court had already made its determination on the Motion to Dismiss, is best suited for a hearing before the legislature or executive, not this Court at this stage of the legal proceedings. *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 544 (7th Cir. Ill. Aug. 6, 2003) ("The legislative process is democratic . . . The judicial process, in contrast, . . . is not democratic in the sense of basing decision on the voting or campaign-finance power of constituents and interest groups") (denying motion for leave to file amicus brief).

## II.     ACLA's position is adequately represented by Boston Heart.

ACLA cannot show that its position is not adequately represented by a party before the Court because Boston Heart has already made the very arguments that ACLA proposes to make. Courts deny leave for amicus briefs that use different language or authority but make essentially the same arguments as the parties. *See Matter of Search of Info. Associated with [redacted]@mac.com that is Stored at Premises Controlled by Apple, Inc.,* 13 F. Supp. 3d 157, 167 (D.D.C. 2014); *see also Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d at 545 ("[w]hile the

3

amicus briefs sought to be filed in this case contain a few additional citations not found in the parties' briefs and slightly more analysis on some points, essentially they cover the same ground the appellants, in whose support they wish to file, do"); *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d at 1064 ("The amicus briefs filed in this court rarely [point to relevant considerations that the parties have not raised]; and this amicus brief is not one of the rare exceptions.").

ACLA's position rests on the unsupportable proposition that only an interest group representing a number of industry players can adequately make policy arguments. *See* Motion for Leave at 6 ("While Boston Heart can discuss the impact of the Court's decision on its own operations, ACLA can explain how the decision will impact the industry as a whole."). In fact, however, it is not surprising that Boston Heart has already set forth largely indistinguishable policy arguments about the laboratory industry as a whole, given that its interests are perfectly aligned with ACLA's in this regard. *See* Motion for Reconsideration of the Court's Order on the Motion to Dismiss at 2 (listing "legal and public policy reasons" impacting "laboratories" generally). Clearly, Boston Heart has the incentive and ability to make the arguments that ACLA also seeks leave to make. In short, ACLA's amicus brief would not tell the court anything it doesn't already know.

Finally, the only legal issue raised by ACLA is the proper interpretation of 42 C.F.R. §410.32. However, ACLA admits that 42 C.F.R. §410.32 has been a central subject of discussion by this Court and the parties, *see* Motion for Leave at 5, nor can ACLA contribute anything new to the arguments that have already been made. Both parties have competent counsel, and this Court does not need a third party to enter the litigation at this stage to educate it about 42 C.F.R. §410.32.

4

### III.     ACLA's participation as an *amicus* is inappropriate at the trial level.

While the decision to grant a motion for leave to file an amicus curiae brief is within this Court's discretion, *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007), amicus participation at the trial level is generally inappropriate and undesirable. The reasons are twofold.

First, "at the trial level, where the issues of fact as well as law predominate, the aid of amicus curiae may be less appropriate than at the appellate level where such participation has become standard procedure." *Finkle v. Howard Cty., Md.*, 12 F. Supp. 3d 780, 783 (D. Md. 2014) (quoting *Yip v. Pagano*, 606 F. Supp. 1566, 1568 (D.N.J. 1985)). Even if this Court were to find that ACLA's policy discussion would be generally useful in this matter, such a discussion would be more properly directed to an appellate court at a later stage in the proceedings. This Court does not require ACLA's assistance to find facts and apply the law.

Second, approval of amicus briefs such as ACLA's at the trial level would burden the courts and increase expenses for litigating parties. *Nat'l Org. for Women, Inc. v. Scheidle*r, 223 F.3d at 616 ("[J]udges have heavy caseloads requiring us to read thousands of pages of briefs annually. . . . In addition, the filing of an amicus brief imposes a burden of study and the preparation of a possible response on the parties).  Here, where ACLA's amicus brief would be not only extraneous, but also duplicative, the burden is even more pronounced.

## <u>CONCLUSION</u>

For the reasons stated above, ACLA's Motion for Leave to File Amicus Brief should be denied.

Dated: July 13, 2017                    **MEHRI & SKALET, PLLC**


By:    /s/ Steven A. Skalet
        Steven A. Skalet
        1250 Connecticut Avenue, NW
        Suite 300
        Washington, DC 20036-1609
        (202) 822-5100
        Fax: (202) 822-4997

        **BERGER & MONTAGUE, P.C.**
        Sherrie R. Savett
        Russell D. Paul
        1622 Locust Street
        Philadelphia, PA 19103
        Tel: (215) 875-3000

        Fax: (215) 875-4636

## CERTIFICATE OF SERVICE

I hereby certify that, on July 13, 2017 a true and correct copy of the foregoing has

been served electronically on all parties of record via the court's CM/ECF system.


/s/ Steven A. Skalet

Steven A. Skalet
**MEHRI & SKALET, PLLC**
1250 Connecticut Avenue, NW
Suite 300
Washington, DC 20036-1609
(202) 822-5100
Fax: (202) 822-4997